Blue Riv. Gems Inc. v Gross

2026 NY Slip Op 03224

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Blue River Gems Inc., Plaintiff-Appellant,

v

Michael Gross et al., Defendants-Respondents.

Decided and Entered: May 21, 2026

Index No. 150883/20|Appeal No. 6710|Case No. 2025-02029|

Before: Moulton, J.P., González, O'Neill Levy, Chan, JJ.

Weg and Myers, P.C., Rye Brook (Dennis T. D'Antonio of counsel), for appellant.

Ofeck & Heinze, LLP, New York (Mark F. Heinze of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (James D'Auguste, J.), entered December 2, 2024, which, to the extent appealed from as limited by the briefs, after trial pursuant to CPLR 3212(c) directed that judgment be entered in favor of plaintiff in the principal amount of $50,946.00 against defendant Michael Gross pursuant to Debtor and Creditor Law § 276, plus interest at the statutory rate from May 23, 2017, unanimously reversed, on the law, with costs, and plaintiff permitted to recover against Michael Gross on plaintiff's piercing the corporate veil theory the entirety of the judgment entered in plaintiff's favor on January 16, 2019 against defendant Michael Gross Diamonds Inc. (MGD).

As a preliminary matter, because the court held an evidentiary hearing pursuant to CPLR 3212(c), we review this appeal under a "fair interpretation of the evidence" standard (see BML Props. Ltd. v China Constr. Am., Inc., 237 AD3d 461, 462 [1st Dept 2015]).

"To pierce the corporate veil and hold . . . individual defendants liable for a corporation's actions, [a] plaintiff[is] required to show that (1) the individual owner[] exercised complete domination over the corporation with respect to the transaction attacked, and (2) that such domination was used to commit a fraud or wrong against the plaintiff, resulting in the plaintiff's injury" (Kahan Jewelry Corp. v Coin Dealer of 47th St. Inc., 173 AD3d 568, 568 [1st Dept 2019] [internal quotation marks and brackets omitted]).

Here, a fair interpretation of the evidence supports the conclusion that plaintiff satisfied the domination prong. Michael Gross, as MGD's only shareholder and officer, exercised sole discretion in causing MGD, as we previously found, to convert the necklace upon which the judgment is based (see Blue Riv. Gems Inc. v S.V.& V. Diamond Corp., 190 AD3d 581, 581 [1st Dept 2021]). Furthermore, evidence presented at trial established that Gross controlled the corporate bank accounts from which he took personal "loans," paid personal expenses for himself and his family, and made contributions to his congregation that paid him a "kickback."

With respect to the second prong, the judgment against MGD based on Gross's conversion of the necklace, together with the evidence presented at trial, such as Gross's conflicting testimony about his finances and corporate tax returns, his inconsistent bookkeeping, and his personal withdrawals of approximately $550,000 between 2013 and 2018, demonstrate that Michael Gross caused MGD to become judgment-proof, resulting in a wrong or inequity against plaintiff, which has not been able to collect on its judgment against MGD (see Rich v J.A. Madison, LLC, 246 AD3d 1, 8 [1st Dept 2025], appeal dismissed 45 NY3d 954 [2026]).

Notably, the court's finding that Gross made personal transfers from MGD's corporate accounts after he had actual notice of the judgment in violation of Debtor and Creditor Law § 273 serves as further evidence that Gross abused the corporate form.

[*2]

In light of the foregoing, we need not reach the issue of whether the court properly calculated interest.

We have considered defendants' remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026